UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT BRUCE                          CIVIL ACTION NO. 08-1750

VERSUS                                U.S. DISTRICT JUDGE TRIMBLE

CCA, et al
                                      U.S. MAGISTRATE JUDGE KIRK

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Before the court is a  motion by plaintiff for an order directed to CCA requiring it to provide plaintiff his prescribed eye drops for treatment of glaucoma, which I construe as a motion for preliminary injunction [**Doc. # 19**].

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not dis-serve the public interest.  Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

Plaintiff, now an inmate at Winn Correctional Center, alleges that he has been diagnosed with glaucoma for quite some time. Glaucoma is a disease of the eyes characterized by increased pressure in the eye which damages the optic nerve. Untreated, glaucoma leads to blindness. He alleges that the prison does not timely refill his prescriptions given him by the specialist at LSU

Medical Center; therefore, he cannot take his eye drops daily as he is required to do. A hearing was held on October 8, 2009 at which plaintiff, Mr. Guillet, counsel for the defendants, Mrs Thomas and Dr. Pacheco were present. Plaintiff and Mrs. Thomas briefly testified.

The medical records provided by the defendant, consisting of records from the prison and also from LSUMC, show that plaintiff is currently prescribed two eye drop medications. The records also reflect that the specialist at LSUMC has advised the prison of the importance of his having the medications available to take daily.[1]

The records also reflect, and the defendants, through counsel candidly admitted at the hearing, that there have been gaps in providing the medications, despite plaintiff having timely requested them. Plaintiff has historically been required to request the medications 5 days before he runs out of the eye drops.

The only issue before the court now is whether an injunction should issue. I find that it should. There is a substantial likelihood that plaintiff's claim will succeed on the merits[2],

---

[1] Since it is somewhat common knowledge even among laymen that glaucoma requires daily treatment, the court assumes that the prison doctor and staff are aware, even without the cautionary note from LSUMC, of the importance of applying the eye drops every day.

[2] A prison inmate can demonstrate an Eighth Amendment violation by showing that a prison official refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Easter v. Powell, 467 F.3d 459, 464 (5th Cir. 2006), citing Domino v. Tex. Dep't of Criminal Justice,

there is a substantial threat of irreparable injury and the threatened injury outweighs any potential harm in issuing the injunction and will not dis-serve the public interest. Therefore, all of the factors weigh heavily in favor of granting injunctive relief to plaintiff.

Defendants admitted at the hearing that the eye drops had not always been timely supplied to plaintiff and explained to the court that the prison was changing its procedures to allow plaintiff and other similarly situated prisoners to request a refill of his prescription directly from the prison pharmacy without having to first file a written request. Further, it was agreed that plaintiff may request a refill as early as seven (7) days before running out of his medications. Therefore, defendants, through counsel, advised at the hearing that they do not object to the issuing of an injunction ordering that the medications be timely provided.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for  preliminary injunction [**Doc. #19**] be GRANTED and that the prison be ordered to timely provide to him the medications prescribed for him.

---

239 F.3d 752, 756 (5th Cir. 2001). Also, <u>Chapman v. Johnson</u>, 2009 WL 2391496, (5th Cir. 2009)(fact that defendant was aware that inmate had a serious injury and was instructed to provide pain relieve medication, but did not do so, could demonstrate an Eighth Amendment violation).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 8th day of October, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE