RECEIVED
IN ALEXANDRIA, LA
JAN - 5 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT F. BRUCE,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 08-CV-1750 |
| VERSUS | |
| WARDEN TIM WILKINSON, et al.,<br>　　　Defendants | JUDGE JAMES T. TRIMBLE JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Bruce, an inmate at Winn Correctional Center ("WCC") in Winnfield, Louisiana, filed a motion for preliminary injunction (Doc. 36) to gain access to the law library.

In order for Bruce to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.  Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In response to Bruce's motion, defendants acknowledged that Bruce should have access to the law library (Doc. 37) and filed two memoranda by Chaplain Olliff (Doc. 38).  The memorandum dated December 15, 2009, effectively gave Bruce access to the law library

every day after work hours from December 15, through December 28, 2009. The memorandum dated December 16, 2009, advised Bruce that he had been issued a pass to go to the law library after work hours for two weeks and that, when he needed a new pass, to send a request form to Chaplain Olliff.

Since Bruce has been provided with the relief he requested, his motion for injunctive relief (Doc. 36) should be denied as moot. If a future problem arises with his access to the law library, Bruce should immediately advise the court of it.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bruce's motion for a preliminary injunction (DOc. 36) should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of January, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE